IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his Capacity as Court-Appointed Receiver for the Three Hebrew Boys, ) ) ) ) Plaintiff, ) ) vs. ) ) Dennis Richardson, ) ) Defendant. ) _____) | C/A No. 3:12-431-MBS  **OPINION AND ORDER** |

Plaintiff Beattie B. Ashmore, in his Capacity as Court-Appointed Receiver for the Three Hebrew Boys, filed this action on February 16, 2012, alleging that Defendant Dennis Richardson profited in the amount of $162,920.03 as the result of participating in a fraudulent investment scheme orchestrated by Joseph Brunson, Timothy McQueen, and Tony Pough, also known as the "Three Hebrew Boys." Plaintiff asserts causes of action for fraudulent transfer under S.C. Code Ann. § 27-23-10 and/or O.C.G.A. § 18-2-70, et seq. (First Cause of Action); unjust enrichment (Second Cause of Action); imposition of an equitable mortgage/deed of trust (Third Cause of Action); constructive/resulting trust (Fourth Cause of Action); and equitable lien (Fifth Cause of Action). Plaintiff seeks an award of damages in the amount of $162,920.03 for the benefit of the victims of the Three Hebrew Boys.

This matter is before the court on motion to dismiss for lack of subject matter jurisdiction, which motion was filed by Defendant, proceeding pro se, on March 29, 2012. Plaintiff filed a memorandum in opposition to Defendant's motion on April 16, 2012, to which Defendant filed a

reply on May 4, 2012.

Defendant, who resides in Union City, Georgia, asserts that Plaintiff lacks subject matter jurisdiction because he failed to timely comply with 28 U.S.C. § 754, which provides:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

According to Defendant, the Receiver failed to timely file copies of the petition and his order of appointment in the Northern District of Georgia, where he and his property are located. According to Defendant, Plaintiff was appointed to the position of Receiver on October 10, 2008. However, Plaintiff did not file his appointing paperwork in the Northern District of Georgia until January 24, 2011 and January 26, 2011, in excess of ten days after his appointment. Defendant asserts that the Receiver therefore is divested of jurisdiction over their alleged proceeds of the Three Hebrew Boys' criminal activity. The court disagrees.

In FTC v. NHS Systems, Inc., 708 F. Supp. 2d 456, 463 (E.D. Pa. 2009), the district court noted that a receiver who has failed to file within the ten-day period can reassume jurisdiction by a later filing, as long as the rights of others have not been prejudiced during the intervening period. Defendant advances no argument that his rights have been prejudiced; rather, he contends that he spent the funds he received from the Three Hebrew Boys upon the expectation that such funds were

legally obtained.  Defendant is not precluded from making this argument when the merits of the complaint are addressed.  The court concludes that jurisdiction is proper.

For the reasons stated, Defendant's motion to dismiss (ECF No. 9) is **denied**.  Defendant's further request for an order certifying the within order as immediately appealable also is denied.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

November 28, 2012