IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his Capacity as Court-Appointed Receiver for the Three Hebrew Boys, | )<br>) C/A No. 3:12-431-MBS<br>)<br>) |
| Plaintiff, | )<br>)  **OPINION AND ORDER** |
| vs. | )<br>) |
| Dennis Richardson, | )<br>) |
| Defendant. | )<br>) |

On February 16, 2012, Plaintiff Beattie B. Ashmore, in his Capacity as Court-Appointed Receiver for the Three Hebrew Boys, filed a complaint alleging that Defendant Dennis Richardson profited in the amount of $162,920.03 from a fraudulent Ponzi scheme orchestrated by Joseph Brunson, Timothy McQueen, and Tony Pough, also known as the Three Hebrew Boys. See United States v. Brunson, Cr. No. 3:08-615. Plaintiff alleges that a portion of Defendant's profits paid in full a mortgage on Defendant's residence at 8835 Lake Road in Union City, Georgia (the "Property"). Plaintiff seeks damages in the amount of the allegedly fraudulent transfer pursuant to the Statute of Elizabeth, S.C. Code Ann. § 27-23-10; and/or an equitable lien on the Property; and/or a deed of trust on the Property.

This matter is before the court on Plaintiff's motion for preliminary injunction, which motion was filed on August 16, 2013. Plaintiff seeks an order enjoining Defendant from transferring or otherwise encumbering the Property. Defendant filed a response in opposition to Plaintiff's motion on September 16, 2013, to which Plaintiff filed a reply on September 20, 2013.

In Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008), the Supreme Court noted that a plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a clear showing that he is likely to succeed on the merits at trial and that he is likely to be irreparably harmed absent preliminary relief. Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).

Plaintiff asserts that he is likely to succeed on the merits based on records showing that Defendant unjustly profited from the Ponzi scheme in the amount of $162,920.03. Plaintiff further contends that irreparable harm is likely if Defendant is able to transfer or encumber the Property, because such action would be to the detriment of the Receivership and the persons for whom restitution is sought. Plaintiff further contends that the public interest will be served because the injunction would allow the court to determine the underlying issues and to protect the public. Plaintiff also contends that the equities weigh in his favor because, if Defendant is allowed to encumber the Property, Plaintiff will be without recourse to collect a judgment for the benefit of the victims of the Ponzi scheme.

Defendant contends that Plaintiff will be unable to prevail on the merits because (1) the monies at issue cannot be retrieved from the mortgage company, and therefore the Statute of Elizabeth does not apply; (2) Plaintiff cannot establish that Defendant participated with fraudulent intent in the Ponzi scheme; and (3) Plaintiff cannot establish that Defendant was unjustly enriched. Defendant contends the balance of equities weighs in his favor because he also was a victim of the

criminal activities of Brunson, McQueen, and Pough.

The court concludes that a preliminary injunction is warranted. First, the court concludes that Plaintiff likely will succeed on the merits of the complaint. As one of the early participants in the Ponzi scheme, he was able to reap the benefits of nominal investments in programs offered by Brunson, McQueen, and Pough. Courts uniformly have required "net winners" such as Defendant to disgorge profits of a Ponzi scheme. Second, Plaintiff will suffer irreparable harm if injunctive relief is not granted, because the monies otherwise recoverable for harmed participants in the Ponzi scheme will be made unavailable. Third, the balance of equities tips in Plaintiff's favor because of the fundamental unfairness of allowing Defendant to retain ill-gotten gains when subsequent participants were harmed financially. Fourth, the issuance of an injunction is in the public interest because it will maintain the status quo pending resolution on the merits. Accordingly, Plaintiff's motion for preliminary injunction (ECF No. 40) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

November 18, 2013.